```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| KENNETH L. NICHOLS,       ) | |
|    ) | |
|     Plaintiff,     ) | |
|    ) | |
|        v.              ) | Civil Action No. |
|    ) | 04-11341-PBS |
| JOHN ASHCROFT, ATTORNEY GENERAL,   ) | |
| DEPARTMENT OF JUSTICE,   ) | |
|    ) | |
|     Defendant.     ) | |

## ANSWER

Now comes Defendant and herein Answers the Plaintiff's Complaint as follows:

1.   In response to Paragraph 1, Defendant admits that Plaintiff is seeking relief under the Rehabilitation Act but denies that he entitled to any such relief.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding his residence and, on that basis, denies it.

2.   In response to Paragraph 2, Defendant admits that the Court has jurisdiction to consider Plaintiff's claims but denies that he is entitled to any relief under those claims.

3.   In response to Paragraph 3, Defendant admits that venue is proper in the District of Massachusetts and that Plaintiff alleges that unlawful employment practices were committed in the Commonwealth of Massachusetts.  However, Defendant denies that it committed any such practices.

4.   Defendant admits the allegations contained in Paragraph 4.

5.   In response to Paragraph 5, Defendant admits that Plaintiff served in the United States Army.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and, on that basis, denies them.

6.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies them.

7.   Defendant admits the allegations contained in Paragraph 7.

8.   The allegations contained in Paragraph 8 are legal conclusions, which require no response.  The law regarding affirmative action speaks for itself.  To the extent that an answer is required Defendant denies the allegations.

9.   In response to Paragraph 9, Defendant states that his understanding as to Plaintiff's status is reflected in Plaintiff's employment records, which speak for themselves.

10.  In response to Paragraph 10, Defendant states that Plaintiff's work history is reflected in his employment records, which speak for themselves.

11.  Defendant denies the allegations contained in Paragraph 11.

12. Defendant admits the allegations contained in Paragraph 12.

13. In response to Paragraph 13, Defendant admits that at all relevant times, David L. Winn was the Warden of the Federal Medical Center at Devens, Massachusetts. With regard to the remainder of the allegations contained in Paragraph 13, Defendant states that the record of Warden Winn's employment speaks for itself.

14. Defendant admits the allegations contained in Paragraph 14.

15. In response to Paragraph 15, Defendant admits that in his last position, Plaintiff served as the Volunteer Coordinator. With regard to the remaining allegations contained in Paragraph 15, Defendant states that Plaintiff's position description, work record, and related documents speak for themselves.

16. In response to Paragraph 16, Defendant states that Plaintiff's position description speaks for itself.

17. Defendant admits the allegations contained in Paragraph 17.

18. Defendant admits the allegations contained in Paragraph 18.

19. In response to Paragraph 19, Defendant admits that all staff who work at Bureau of Prisons institutions are charged with maintaining the security of those institutions. Plaintiff's position description, which speaks for itself, shows that he was

not an exception.  All other position descriptions speak for themselves.

    20.  Defendant denies the allegations contained in Paragraph 20.

    21.  In response to Paragraph 21, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding his "best estimate" and, on that basis, denies it.  Defendant denies the remaining allegations contained in Paragraph 21.

    22.  In response to Paragraph 22, Defendant states that the record of Plaintiff's absence from work speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and, on that basis, denies them.

    23.  In response to Paragraph 23, Defendant states that the record of Plaintiff's absence from work and use of leave speaks for itself.

    24.  Defendant admits the allegations contained in Paragraph 24.

    25.  Defendant denies the allegations contained in Paragraph 25.

    26.  In response to Paragraph 26, Defendant admits that it makes accommodations for employees who have temporary impairments.  Defendant denies the remaining allegations contained in Paragraph 26.

27. In response to Paragraph 27, Defendant states that the letter in question speaks for itself.

28. In response to Paragraph 28, Defendant states that Plaintiff's rebuttal speaks for itself. Defendant denies the remaining allegations contained in Paragraph 28.

29. In response to Paragraph 29, Defendant states that Plaintiff's rebuttal speaks for itself. Defendant denies the remaining allegations contained in Paragraph 29.

30. In response to Paragraph 30, Defendant states that any actions taken by Dr. Harris are reflected in Plaintiff's medical records, which speak for themselves. Defendant denies the remaining allegations contained in Paragraph 30.

31. In response to Paragraph 31, Defendant admits that Plaintiff reported that on December 21, 2002, he had a slip-and-fall accident and suffered work-related injuries, which later became the subject of a workers' compensation claim. Defendant denies the remaining allegations contained in Paragraph 31.

32. In response to Paragraph 32, Defendant states that Plaintiff's work records speak for themselves.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. In response to Paragraph 35, Defendant states that the written communication given to Plaintiff speaks for itself.

36. In response to Paragraph 36, Defendant states that the letter in question speaks for itself.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, on that basis, denies them.

38. In response to Paragraph 38, Defendant states that Dr. Ayers' medical report speaks for itself.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, on that basis, denies them.

41. In response to Paragraph 41, Defendant states that the letter in question speaks for itself.

42. In response to Paragraph 42, Defendant states that Warden Winn's letter speaks for itself.  In any event, Defendant admits that the quoted statement in Paragraph 42 is correct.

43. In response to Paragraph 43, Defendant states that Warden Winn's written proposal, and related documentation, speaks for itself.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. In response to Paragraph 48, Defendant states that Plaintiff's response speaks for itself.

49. In response to Paragraph 49, Defendant states that Plaintiff's request, if any, speaks for itself. Defendant denies the remaining allegation contained in Paragraph 49.

50. In response to Paragraph 50, Defendant states that the written communication in question speaks for itself. Defendant denies the remaining allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. In response to Paragraph 52, Defendant admits that the Federal Medical Center at Devens, Massachusetts has a Chief Medical Officer. Defendant denies the remaining allegations contained in Paragraph 52.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, on that basis, denies them.

54. In response to Paragraph 54, Defendant states that the letter in question speaks for itself. In any event, defendant admits that Plaintiff was removed from his position and that the quoted statement in Paragraph 54 is correct.

55. Defendant denies the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, on that basis, denies them.

58. In response to Paragraph 58, Defendant states that Plaintiff's request, if any, speaks for itself. Defendant is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 58 and, on that basis, denies them.

59. In response to Paragraph 59, Defendant states that the letter in question speaks for itself.

60. Defendant admits the allegations contained in Paragraph 60.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, on that basis, denies them.

62. In response to Paragraph 62, Defendant states that Dr. Ayers' statement speaks for itself.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, on that basis, denies them.

64. Defendant denies the allegations contained in Paragraph 64.

65. In response to Paragraph 65, Defendant states that the records of Mr. Sheridan's employment speak for themselves.

66. In response to Paragraph 66, Defendant states that the records of Mr. Sheridan's employment speak for themselves.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, on that basis, denies them.

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

70. In response to Paragraph 70 Defendant states that the physical layout of the buildings in question is a matter of record, which speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 70.

71. In response to the first sentence of Paragraph 71, Defendant states that the records of Mr. Sheridan's work assignments speak for themselves.  Defendants deny the remaining allegations contained in Paragraph 71.

72. Defendant denies the allegations contained in Paragraph 72 and further states that its emergency procedures, which are a matter of record, speak for themselves.

73. In response to Paragraph 73, Defendant states that the records of Mr. Shaunessy's employment speak for themselves.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, on that basis, denies them. In any event, to the extent that Mr. Shaunessy's handling of emergency situations is reflected in his employment records, those records speak for themselves.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, on that basis, denies them.

76. Defendant denies the allegations contained in Paragraph 76 and further states that its emergency procedures, which are a matter of record, speak for themselves.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, on that basis, denies them.

78. Defendant denies the allegations contained in Paragraph 78.

79. Defendant denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, on that basis, denies them.

Defendant further states that Plaintiff's medical condition is reflected in his medical records, which speak for themselves.

82. Defendant denies the allegations contained in Paragraph 82.

83. Defendant denies the allegations contained in Paragraph 83.

84. Defendant denies the allegations contained in Paragraph 84.

85. Defendant denies the allegations contained in Paragraph 85.

86. Defendant denies the allegations contained in Paragraph 86.

87. Defendant denies the allegations contained in Paragraph 87.

88. Defendant denies the allegations contained in Paragraph 88.

89. In response to Paragraph 89, Defendant admits that Plaintiff filed an appeal with the Merit Systems Protection Board and further states that the record of that appeal speaks for itself.

90. In response to Paragraph 90, Defendant states that Plaintiff's allegations in his appeal before the Merit Systems Protection Board speak for themselves. Defendant generally denies those allegations, including the allegations referred to in Paragraph 90.

11

91.  Defendant denies the allegations contained in Paragraph 91.

92.  In response to Paragraph 92, Defendant admits that a hearing was held before the Merit Systems Protection Board and further states that the record of that hearing, including the decisions rendered, speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding the date on which he received the decision of the Equal Employment Opportunity Commission and, on that basis, denies it.

93.  Defendant denies the allegations contained in Paragraph 93.

Defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.  Plaintiff does not have a disability, as defined by the Rehabilitation Act.

2.  Defendant did not regard Plaintiff as disabled, as defined by the Rehabilitation Act.

3.  Plaintiff does not have a record of being disabled, as defined by the Rehabilitation Act.

4.  Plaintiff is not a qualified individual with a disability, as defined by the Rehabilitation Act.

5.  There was no reasonable accommodation that Defendant could have provided to Plaintiff that would have allowed him to perform the essential duties of his position.

6. Any reasonable accommodation that Defendant could have provided to Plaintiff would have imposed an undue hardship on Defendant.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court dismiss Plaintiff's complaint with prejudice and award Defendant such other relief as it deems proper.

For the Defendants,
By his Attorneys,

MICHAEL J. SULLIVAN,
United States Attorney

 /s/Rayford A. Farquhar
RAYFORD A. FARQUHAR
Assistant U.S. Attorney
1 Courthouse, Suite 9200
Boston, MA  02210
(617) 748-3284

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                Boston, Massachusetts
                                            September 1, 2004

I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing upon plaintiff's counsel of record, Scott A. Lathrop, Scott A. Lathrop & Associates, 122 Old Ayer Road, Groton, MA 01450.

/s/Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney
