UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No.  04-11341 PBS

```
*******************************
KENNETH L. NICHOLS,           *
      Plaintiff               *
                              *
                              *
      v.                      *
                              *
JOHN ASHCROFT,                *
ATTORNEY GENERAL,             *
DEPARTMENT OF JUSTICE,        *
      Defendant               *
*******************************
```

# REQUEST
# FOR JURY INSTRUCTIONS

　　　The plaintiff Kenneth L. Nichols requests that the Court give the following instructions to the jury.

Requested Instruction No. 1

(Rehabilitation Act)

The Rehabilitation Act prohibit discrimination against an otherwise qualified individual based on his or her disability.

The federal statute barring discrimination based on disability does more than merely prohibit disparate treatment; it also imposes an affirmative duty on employers to offer a "reasonable accommodation" to a disabled employee.

Authority

29 U.S.C. §791 et seq.; 42 U.S.C. § 12112(b)(5)(A); Calero-Cerezo v. U.S. Department of Justice, 355 F.3d 6, 19-20 (1st Cir. 2004); Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 646 n.9 (1st Cir. 2000).

Note: The same standards apply to claims under the Americans with Disabilities Act (42 U.S.C. §12101, et seq.) and under the Rehabilitation Act. Oliveras-Sifre v. Puerto Rico Dep't of Health, 214 F.3d 23, 25 n.2 (1st Cir. 2000).

Requested Instruction No. 2

(Liability)

To assert a claim for failure to accommodate under the Rehabilitation Act, Nichols would have to establish the following:

(1) that he suffered from a "disability" within the meaning of the statute;

(2) that he was a qualified individual in that he was able to perform the essential functions of his job, either with or without a reasonable accommodation; and

(3) that, despite his employer's knowledge of his disability, the employer did not offer a reasonable accommodation for the disability.

Authority

Calero-Cerezo v. U.S. Department of Justice, 355 F.3d 6, 20 (1st Cir. 2004); Carroll v. Xerox Corp., 294 F.3d 231, 237 (1st Cir. 2002); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 264 (1st Cir. 1999).

Requested Instruction No. 3

(Disability)

The Statute defines "disability" as either

    (a) a physical or mental impairment which substantially limits one or more of an individual's major life activities;

    (b) a record of such impairment; or

    (c) being regarded as having such an impairment.

Authority

42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g); Calero-Cerezo v. U.S. Department of Justice, 355 F.3d 6, 20 (1st Cir. 2004)

Requested Instruction No. 4

(Case by Case)

It is well established that the determination of whether a plaintiff has a disability must be made on a case-by-case basis.

Authority

Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002); Sutton v. United Airlines, Inc., 527 U.S. 471, 483 (1999).

Requested Instruction No. 5

(Major Life Activity)

A "major life activity" is an activity of central importance to people's daily lives. "Major life activity" refers to "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, learning, and working."

Authority

Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 197 (2002); Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1168 n. 5 (1st Cir. 2002); Carroll v. Xerox Corp., 294 F.3d 231, 239 (1st Cir. 2002); Gelabert-Ladenheim v. American Airlines, Inc., 252 F.3d 54, 58 (1st Cir. 2001); 29 C.F.R. §§ 1630.2.

Requested Instruction No. 6

(Regarded As)

Individuals may qualify as disabled under the "regarded as" definition when an employer mistakenly believes that a person has an impairment that substantially limits one or more major life activities, or an employer mistakenly believes that an actual, non-limiting impairment, substantially limits one or more major life activities.  In both of these cases, the employer must entertain misperceptions about the individual.  The employer must believe either that the employee has a substantially limiting impairment that the employee, in fact, lacks or that the employee has a substantially limiting impairment when the impairment is not so limiting.

Authority

Sutton v. United Air Lines, 527 U.S. 471, 489 (1999)

Requested Instruction No. 7

(Individualized Inquiry)

In a situation in which an employer takes an action against an employee due to the employee's known disability, the employer must show that it made due inquiry into the employee's impairment, sufficient to inform itself of those limitations, and that the results of that individualized inquiry furnished a reasonable foundation for the employer's belief that the employee was unqualified.  If the employer's assumptions about an employee's disability are unreasonable, or are not based upon a good-faith assessment of that individual's capabilities and ultimately prove to be groundless, its actions will engender liability under the disability statutes.  Individualized attention to disability claims is essential

Authority

Gillen v. Fallon Ambulance Service, Inc., 283 F.3d 11, 23 (1st Cir. 2002); . Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 647  (1st Cir. 2000)

Requested Instruction No. 8

(Qualified Individual)

To be a "qualified individual" under the Rehabilitation Act, a plaintiff must show first that he possesses the requisite skill, experience, education and other job-related requirements for the position and, second, that he is able to perform the essential functions of the position with or without a reasonable accommodation.

Authority

Calero-Cerezo v. U.S. Department of Justice, 355 F.3d 6, 22 (1st Cir. 2004); Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 646 (1st Cir. 2000).

Requested Instruction No. 9

(Essential Functions)

An "essential function" is a fundamental job duty associated with a particular position. This term does not include marginal functions of the position. Determining whether a particular function is essential is a factual inquiry. In making this determination, one must give consideration to the employer's judgment as to what functions of a job are essential, including those functions contained in a written job description. However, such evidence is not conclusive; an employer may not turn every condition of employment which it elects to adopt into a job function, let alone an essential job function, merely by including it in a job description.

The employer's good-faith view of what a job entails, though important, is not dispositive on the question of what constitutes an essential job function. You should look to see if the employer actually requires all employees in a particular position to perform the allegedly essential functions.

Authority

42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(n)(1); Calero-Cerezo v. U.S. Department of Justice, 355 F.3d 6, 22 (1st Cir. 2004); Gillen v. Fallon Ambulance Service, Inc., 283 F.3d 11, 24-25 (1st Cir. 2002); Ward v. Mass. Health Research Inst., 209 F.3d 29, 34 (1st Cir. 2000)

Requested Instruction No. 10

(Reasonable Accommodation)

If an employer, aware of an employee's disability, refuses to provide a requested reasonable accommodation, the employer violates the Rehabilitation Act, unless it can show that the proposed accommodation would pose an undue hardship for its business.

Reasonable accommodations may include job restructuring, part-time or modified work schedules, reassignment to a vacant position and other similar accommodations for individuals with disabilities. A request for a reasonable accommodation triggers a responsibility on the part of the employer to enter into an interactive process with the employee to determine an appropriate accommodation. This interactive process requires a great deal of communication between the employee and employer. A careful, individualized review of an accommodation request in light of the specific facts of the case is needed to determine whether the request was reasonable.

An employer's refusal to participate in the process may itself constitute evidence of a violation of the statute.

Authority

42 U.S.C. s. 12102 (2); 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1630.2(j)(3)(i); 29 C.F.R. § 1630.2(o)(1)(iii); 29 C.F.R. § 1630.2(o)(3); Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184 (2002); Calero-Cerezo v. U.S. Department of Justice, 355 F.3d 6, 23 (1st Cir. 2004); Reed v. LePage Bakeries, Inc., 244 F.3d 254, 259 (1st Cir. 2001); Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 647 (1st Cir. 2000); Ward v. Massachusetts Health Research Institute, Inc., 209 F.3d 29, 36 (1st Cir. 2000); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 264 (1st Cir.

1999); Jacques v. Clean-Up Group, Inc., 96 F.3d 506, 515 (1st Cir. 1996).

Requested Instruction No. 11

(Undue Hardship)

Under the law an employer need not make an accommodation to an individual's disability if it would impose an undue hardship on the operation of the business, requiring significant difficulty or expense.

<u>Authority</u>

42 U.S.C. s. 12111(10); 42 U.S.C. s. 12112(b)(5)(A).

Requested Instruction No. 12

(Damages)

If you find that the defendant discriminated against the plaintiff on the basis of his disability, then you must consider the issues of damages. Under the law a successful plaintiff is entitled to recover lost wages and benefits, including increases in wages. The amount of wages and benefits due is determined by calculating the amount that would have been earned but for the adverse action, decreased by any earnings and fringe benefits which he received from another source.

<u>Authority</u>

42 U.S.C. s. 1981a(a)(2); 42 U.S.C. s. 2000e-5(g)(1).

Requested Instruction No. 13

(Pain and Suffering)

Under the law victims of disability discrimination are also entitled to an award of pain and suffering because of any employment discrimination. You may award plaintiff whatever amount, if any, that you find is necessary to compensate him for any emotional distress that you find he suffered as a result of disability discrimination.

Authority

42 U.S.C. s. 1981(a)(2) & (3); Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 126 n. 20 (1st Cir. 2003)

                    Kenneth L. Nichols
                    By his attorney

*/s/ Scott A. Lathrop*

_____
Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450
(978) 448-8234
BBO No. 287820

Dated:   January 4, 2006

Certificate of Service

I, Scott A. Lathrop, hereby certify that I have served the foregoing Proposed Jury Instructions on the defendant by mailing this day a copy to the last known address of its Attorney of Record.

*/s/ Scott A. Lathrop*

_____
Scott A. Lathrop

Dated:  January 4, 2006