UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
KENNETH L. NICHOLS,           )
                              )
        Plaintiff,            )
                              )
                              )      C.A. No. 04-11341-PBS
        v.                    )
                              )
JOHN ASHCROFT,                )
ATTORNEY GENERAL,             )
DEPARTMENT OF JUSTICE,        )
                              )
        Defendant.            )
_____)
```

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed,

1

the lawyers will again address you to make final arguments, then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case--the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.  In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and

2

as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2</u>**

**Employment Discrimination Based On Disability**

The plaintiff brings this civil action pursuant to the Rehabilitation Act of 1973, seeking damages against the defendant for intentional unlawful discrimination based upon his disability.  Under the Rehabilitation Act, a federal agency is prohibited from discriminating against a qualified person with a disability in connection with the terms and conditions of employment because of that person's disability.

Under the Act, plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1)  he is a disabled person within the meaning of the Act,

(2)  he is otherwise qualified for the job, and

(3)  his disability was a substantial or motivating factor that prompted the defendant to discharge the plaintiff.

If you find that plaintiff has proven each of the above-listed elements by a preponderance of the evidence, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove each of these elements, your verdict should be for the defendant.

<u>Authority</u>

<u>Model Instructions</u>: Eighth Circuit Model 5.51A; Ninth Circuit Model 15.2; Eleventh Circuit Model 1.5.1.

<u>See</u>: <u>Bailey v. Georgia-Pacific Corp.</u>, 306 F.3d 1162, 1166 (1st Cir. 2002)

<u>**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**</u>

**The Essential Elements of Plaintiff's Claim**

Under the Rehabilitation Act, the plaintiff must first establish that he has a disability covered by the Act. The governing regulations define an "individual with a disability" as one who (i) Has a physical or mental impairment which substantially limits one or more of such person's life activities; (ii) Has a record of such an impairment; or (iii) Is regarded as having such an impairment."

<u>Authority</u>

29 C.F.R. § 1614.20(a)(6).

<u>Leary v. Dalton</u>, 58 F.3d 748, 752 (1st Cir. 1995)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

**DISABILITY**

A person is considered disabled if she suffers from "a physical or mental impairment that substantially limits one or more of his major life activities." The term "major life activities" refers to those activities that are of central importance to daily life." Plaintiff bears the burden of showing that he meets this criteria.

Authority

49 U.S.C. § 12102(2)(A); Toyota Motor Mfg. v. Williams, 534 U.S. 184 (2002); EEOC v. Amego, 110 F.3d 135, 144 (1st Cir. 1997).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5**

**"Qualified Individual" Defined**

The term "qualified individual with a disability" means a disabled individual who, with or without "reasonable accommodation," can perform the "essential functions" of the employment position in question without endangering the health and safety of himself or others.

Authority

42 U.S.C. § 12112(a) and § 12111(8); Gillen v. Fallon Ambulance Service, Inc., 283 F.3d 11, 24-25 (1st Cir. 2002).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

A reasonable accommodation "enables a qualified individual with a disability to perform the essential functions of his position.

Authority

29 C.F.R. § 1630.2(o)(ii); <u>EEOC v. Amego</u>, 110 F.3d 135, 143 (1st Cir. 1997)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

### Essential Function Analysis

The analysis is generally broken into two steps: (1) whether the employee could perform the essential functions of the job; and (2) if not, whether any reasonable accommodations by the employer would enable him to perform those functions.

Authority

Ward v. Massachusetts Health Research Institute, Inc., 209 F.3d 29, 33 (1st Cir. 2000).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8</u>**

    An impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one.

<u>Authority</u>

<u>Heilweil v. Mount Sinai Hosp.</u>, 32 F.3d 718, 723 (2nd Cir. 1994), cert denied, 513 U.S. 1147; <u>See</u> also <u>McKay v. Toyota Mfg., U.S., Inc.</u>, 110 F.3d 369, 373 (6th Cir. 1997); <u>Tardie v. Rehabilitation Hospital of Rhode Island</u>, 168 F.3d 538, 542 (1st Cir. 1999).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9**

### **"Essential Functions of Employment Position" Defined**

The term "essential functions of an employment position" means the fundamental job duties of the employment position for which the plaintiff has applied.  The term "essential functions" does not include the marginal functions of the position.

Along with all the other evidence in the case, you may consider the following evidence in determining the essential functions of an employment position:

(1) The employer's judgment as to which functions of the job are essential;

(2) Written job descriptions prepared for advertising or used when interviewing applicants for the job;

(3) The amount of time spent on the job performing the functions in question;

(4) The consequences of not requiring the person to perform the functions in question;

(5) The terms of a collective bargaining agreement if one exists;

(6) The work experience of persons who have held the job; and/or

(7) The current work experience of persons in similar jobs.

If the plaintiff cannot perform the essential duties of the position, even with reasonable accommodation, he is not a

"qualified individual with a disability."

Authority

Adapted from 29 C.F.R. § 1630.2(n) (made applicable to
Rehabilitation Act pursuant to 29 U.S.C. § 794(d)); Devitt,
Blackmar & Wolff, *Federal Jury Practice and Instructions* §
104A.06 (Supp. 1995); Gillen v. Fallon Ambulance Service, Inc.,
283 F.3d 11, 24-25 (1st Cir. 2002); Alamo Rodriguez v. Pfizer
Pharmaceuticals, Inc., 286 F. Supp 2d 144, 162 (1st Cir. 2003).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10</u>**

### <u>Essential Function</u>

An essential function is a "fundamental job duty" of the employment position the individual with a disability holds.

<u>Authority</u>

<u>Laurin v. Providence Hosp.</u>, 150 F.3d 52, 59-61 (1st Cir. 1998).

13

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11**

    The fact that an employee might only be assigned to certain aspects of a multi-task job does not necessarily mean that those tasks to which she was not assigned are not essential.

Authority

Phelps v. Optima Health Inc., 251 F.3d 21, 26 (1st Cir. 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12**

**"Undue Hardship" Defined**

An employer is not required to make an accommodation that would impose an "undue hardship" on its operations. Undue hardship means significant difficulty or expense incurred by the employer when considered in light of:

(1)   The impact of the accommodation upon the operation of the employer's facility, including the impact on the ability of other employees to perform their duties and the impact of the facility's ability to conduct business;

(2)   The overall financial resources of the facility involved in the provision of the accommodation, the number of persons employed at such facility, and the effect on expenses and resources;

(3)   The nature and the cost of the accommodation;

(4)   The overall financial resources of the covered entity, the overall size of the business of the covered entity with respect to the number of its employees, and the number, type, and location of its facilities; and

(5)   The impact of the accommodation upon the operation of the covered entity, including the composition, structure, and functions of the workforce of such entity, and the geographic separateness and administrative or fiscal relationship of the facility or facilities in question to the covered entity.

Authority

Adapted from 29 C.F.R. § 1613.704(c); 29 C.F.R. § 1630.2(p) (made
applicable to the Rehabilitation Act pursuant to 29 U.S.C. §
794(d)); Bryant v. Caritas Norwood Hosp., 345 F.Supp. 2d 155, 171
(D. Mass. 2004); Ward v. Massachusetts Health Research Institute,
Inc., 209 F.3d 29, 36-37 (1st Cir. 2000); Salmon Pineiro v.
Lehman, 653 F.Supp. 483, 490 (D. Puerto Rico, 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13**

An Employer Need Not Exempt Employee from Essential Job Functions

Although a reasonable accommodation may include job restructuring, an employer need not exempt an employee from essential functions, nor need it reallocate essential functions to other employees.

Authority

42 U.S.C. § 1211(9)(B); <u>Feliciano v. Rhode Island</u>, 160 F.3d 780, 786 (1st Ci. 1998); <u>Phelps v. Optima Health Ins.</u>, 251 F.3d 21, 26 (1st Cir. 2001); <u>Soto-Ocaso v. Fed. Express Corp.</u>, 150 F.3d 14, 20 (1st Cir. 1998).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14**

**"Not Qualified Individual" Defense**

The defendant asserts that the plaintiff is not a "qualified disabled individual" for purposes of being employed by the BOP.

Your verdict should be for the defendant if the plaintiff has failed to prove to you, by a preponderance of the evidence, that he can in fact perform the essential functions of his position, with or without reasonable accommodation.

Authority

<u>Ward v. Massachusetts Health Research Institute, Inc.</u>, 209 F.3d 29, 33 (1st Cir. 2000); <u>Kriegel v. State of Rhode Island, Dept. Of Corrections</u>, 266 F. Supp. 2d 288, 296-297 (D.R.I. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15**

### Direct Threat Defense

The defendant in this case asserts that the plaintiff has been denied employment because he poses a "direct threat" to the health or safety of himself and/or others if employed at the BOP. You must decide in favor of the defendant if it has demonstrated by a preponderance of the evidence that a direct threat exists.

A direct threat means a significant risk of substantial harm to the health or safety of the plaintiff or co-workers that cannot be eliminated by a reasonable accommodation.

The determination that an individual poses a direct threat shall be based on an individualized assessment of the individual's present ability to safely perform the essential functions of the job. This assessment shall be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence.

In determining whether an individual would pose a direct threat, the factors to be considered include:

(1)    The duration of the risk;

(2)    The nature and severity of the potential harm;

(3)    The likelihood that the potential harm will occur; and

(4)    The imminence of the potential harm.


<u>Authority</u>

Adapted from 29 C.F.R. § 1630.2(r) (made applicable to the Rehabilitation Act pursuant to 29 U.S.C. § 794(d)); *ABA Model Jury Instruction for Employment Litigation*, 1.06[4][b]; <u>EEOC v. Amigo</u>, 110 F.3d 135, 142 (1st Cir. 1997).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16</u>**

### <u>Undue Hardship Defense</u>

The defendant in this case asserts that the plaintiff has been denied employment because any accommodation of his disability would cause the defendant an "undue hardship." You must decide in favor of the defendant if it has demonstrated by a preponderance of the evidence that an undue hardship would arise from accommodating plaintiff's disability.

<u>Authority</u>

Adapted from 29 C.F.R. § 1613.704(c); 29 C.F.R. § 1630.2(p); <u>Reed v. LePage Bakeries, Inc.</u>, 102 F. Supp. 2d. 33, 38 (D. Mass. 2000); <u>EEOC v. Amigo</u>, 110 F.3d 135, 148 (1st Cir. 1997).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17</u>**

**<u>Cautionary Instruction on Damages</u>**

I am now about to give you certain instructions regarding damages. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

<u>Authority</u>

Adapted from *Fifth Circuit Pattern Jury Instructions, Civil* § 2.22 (1996).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18</u>**

### <u>Mitigation of Damages</u>

The plaintiff must have made every reasonable effort to minimize or reduce his damages for loss of compensation by seeking other employment.  This is called mitigation of damages.

If you determine that the plaintiff is entitled to damages, you must reduce these damages by:  (1) what the plaintiff earned, and (2) what the plaintiff could have earned by reasonable effort during the period from the denial of employment with the defendant until the date of trial.

You must decide whether the plaintiff was reasonable in not seeking or accepting a particular job.  However, the plaintiff must accept employment that is "of a like nature."  In determining whether employment is "of a like nature," you may consider:

    (1)  the type of work;

    (2)  the hours worked;

    (3)  the compensation;

    (4)  the job security;

    (5)  the working conditions; and

    (6)  other conditions of employment.

The defendant must prove that the plaintiff failed to mitigate his damages for loss of compensation.

If you determine that the plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from his failure to do so.  You must not

compensate the plaintiff for any portion of his damages that
resulted from his failure to make reasonable efforts to reduce
his damages.

Authority

Adapted from *Fifth Circuit Pattern Jury Instructions, Civil* §
15.15 (1996); *ABA Model Jury Instruction for Employment
Litigation*, 1.07[5]; Carey v. Mt. Desert Island Hosp., 156 F.3d
31, 41 (1st. Cir. 1998); Ryan v. Raytheon Data Systems Co., 601
F. Supp. 243, 253 (D. Mass. 1984).

For the Defendant,

By his Attorneys,

MICHAEL J. SULLIVAN,
United States Attorney


/s/ Rayford A. Farquhar
RAYFORD A. FARQUHAR
Assistant U.S. Attorney
1 Courthouse, Suite 9200
Boston, MA  02210
(617) 748-3284

## CERTIFICATE OF SERVICE

Suffolk,  ss.                          Boston, Massachusetts
                                       February 9, 2006

    I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing upon
plaintiff's counsel of record, Scott A. Lathrop, Scott A. Lathrop
& Associates, 122 Old Ayer Road, Groton, MA 01450.



                         /s/ Rayford A. Farquhar
                         Rayford A. Farquhar
                         Assistant U.S. Attorney

25